## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

ZIPIT WIRELESS INC.,

      Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD,
SAMSUNG ELECTRONICS AMERICA,
INC., and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC,

      Defendants.

Civil Action No. 6:17-cv-01243-MGL

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Zipit Wireless, Inc., for its Complaint against Defendant Samsung Electronics Co., Ltd., Defendant Samsung Electronics America, Inc., and Defendant Samsung Telecommunications America, LLC, alleges as follows:

### INTRODUCTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

### THE PARTIES

2.      Plaintiff, Zipit Wireless, Inc. (hereinafter "Zipit") is a Delaware Corporation with a principal place of business located at 101 North Main Street, Suite 201, Greenville, South Carolina 29601.

1

3.      On information and belief, Defendant Samsung Electronics Co., Ltd., is a Korean corporation having a place of business at Seongchon-gil 33, Seocho-gu, Seoul, Republic of Korea 06765.

4.      On information and belief, Defendant Samsung Electronics America, Inc. is a New York Corporation with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Defendant Samsung Electronics America, Inc.'s Registered Agent in South Carolina is CT Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

5.      On information and belief, Defendant Samsung Telecommunications America, LLC is a Delaware Limited Liability Company with a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.

6.      Defendant Samsung Electronics Co., Ltd., Defendant Samsung Electronics America, Inc., and Defendant Samsung Telecommunications America, LLC are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §271 *et seq.*

8.      This Court has personal jurisdiction over Defendants as: (i) Defendants transact business in the State of South Carolina; (ii) Defendant Samsung Electronics America, Inc. maintains a registered agent for service of process in the State of South Carolina; (iii) Defendants maintain regular and systematic business contacts with the State of South Carolina and within this

2

judicial district and division; (iv) Defendants purposely, regularly, and continuously conduct business in the State of South Carolina and within this judicial district and division; (v) Defendants purposefully direct their activities at residents of the State of South Carolina; (vi) the cause of action set forth herein arises out of or relates to the Defendants' activities in the State of South Carolina; and (vii) the exercise of jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

9.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1331, §1338(a), §§1391(a), (b) and (c), and §1400(b).

## BACKGROUND

## ZIPIT'S TECHNOLOGY

10.     Zipit has and continues to offer for sale Wi-Fi based instant messaging solutions. Zipit's first product, the Zipit Wireless Messenger:



was introduced in 2004 and was sold through major retailers including Target, Best Buy, Radio Shack, and Amazon and received press coverage in the Chicago Tribune, the New York Times, and many media outlets.

11.    In 2007, Zipit introduced its second-generation Wi-Fi based instant messaging device known as "Z2":



12.    In 2011, Zipit launched an enterprise messaging solution in conjunction with a major U.S. cellular carrier and is actively selling this solution into healthcare, hospitality, ems, manufacturing, utility, and government accounts.  Zipit's solution has been deployed in over 250 enterprise customers across the U.S. and Zipit's customer base continues to grow monthly.

**ZIPIT'S AWARDS AND NOTORIETY**

13.    In 2005, *Time Magazine* awarded Zipit's first Wi-Fi instant messaging device ("Zippy") Time's "The Most Amazing Inventions of 2005" Award:

 

To determine the award winners, Time Magazine "spent more than six months surveying fields as diverse as electronics, aeronautics, medical technology, sports equipment, toys, clothing and food looking for the newest-and most inspired-ideas of the year."

14.    Zipit's "Zippy" instant messaging device also won an award from iParenting Media in 2006.

15.    Zipit's "Zippy" Wi-Fi instant messaging device also received praise and acclaim in media across the United States and the World in at least the Chicago Tribune "Zipit is king of messengers" (March 3, 2005); the New York Times "Making an Easy Task, Instant Messaging, Even Easier." (March 10, 2005); the New York Times "Making an Easy Task, Instant Messaging, Even Easier." (March 21, 2005) (Online Edition); the Austin American-Statesman "Gadgets: … Instant messaging with no extra charges" (March 21, 2005); ABC12.com "Zipit Wireless Messenger" (Aug. 15, 2005); ABC12.com "Zipit Wireless Messenger" (Aug. 22, 2005);

The Greenville News (Dec. 5, 2004); Parade "a brilliant little device" (April 24, 2005); Univision.com; ym.com "What's Hot: March 15, 2005" (March 17, 2005); Gizmodo "Perfect for the IM addict" (July 19, 2005); Gizmodo "Teacher's Worst Nightmare - Aeronix ZipIt" (Sept. 29, 2005); HeraldToday.com ("Zipit rules wireless messenging world") (March 10, 2005); HUB: Digital Living (March 2005); New York Daily News "Hot, hotter, hottest The Definitive guide to who and what is sexy right now" "Gadgets" (April 3, 2005); and the St. Petersburg Times "2005 Annual Gadget Guide From Apple to Zipit" "For the good times" (Nov. 28, 2005).

16.    Zipit's second version of its Wi-Fi instant messaging device, "Z2", also was widely praised and acclaimed.  In 2007, PC Magazine awarded Zipit's "Z2" the "Winner" of its "Best of Show" award at the Digital Life show in the category of "Portable Gear."  Zipit's "Z2" also won another award from iParenting Media in 2008.

17.    Zipit's "Z2" Wi-Fi instant messaging device, also was praised in at least the following media sources: PC Magazine DigitalLife 2007 "Best of Show" (Sept. 28, 2007); DigitalLife's "Best of Show Award" (Oct. 2, 2007); 2013 iParenting Media Awards – Winner – Zipit Wireless Messenger 2 (April 30, 2008); 2014, Video – Z2 Highlight Reel (The Today Show; USA Today; Associated Press Article; The Washington Post; The Boston Globe; Houston Chronicle; The Philadelphia Inquirer; The Kansas City Star; The Miami Herald; San Francisco Chronicle; Orlando Sentinel; Rocky Mountain News; ABC Television Channel 7; CNN Television; FOX News FOX & Friends; The New York Times; Pittsburgh Post-Gazette; MTV Television; Yahoo! Tech; CNET; eva; The Montel Williams Television Show; NBC Channel 5; LINUX Journal; WNN Wi-Fi News; Digital Tech News'; Wireless Week; electronista; I40 News; Best stuff; FOX & Friends (2015); The Montel Williams Show (Dec. 6, 2006; WABC –

New York Channel 7 (Dec. 17, 2006); FOX Business (March 19, 2008); The Today Show (Jan. 6, 2008);  MTV; The Detroit News – "In our opinion - Zipit Z2 perfect for kids" (June 30, 2008); the Akron Beacon, Ohio.com (April 14, 2008); the Arizona Star (April 3, 2008); the BaltimoreSun.com (April 17, 2008); The Record NorthJersey.com "Kids and their parents will love the Z2 messaging device" (April 12, 2008); TheStreet.com "Instant Messaging With Mass Appeal" (Dec. 7, 2007); Digital Life "Digital Life Announces the DigitalLife Innovators Class of 2007" (Sept. 24, 2007); E-Gear "Is Anybody Out There" (April 9, 2008); Gizmodo "Zipit Z2 Wireless Messenger Lets Teens IM For Free" (Nov. 7, 2007); GoErie.com " Txt all d tym" "IM friends without tying up computer" (April 11, 2008); CBS4Denver.com "One of the best products for teens, tweens and their parents" (2007); InfoSyncWorld.com "Zipit Z2 Wireless Messenger sends IMs without PC or phone" "it has a dedicated smiley button, which we have never seen before, but now we want on our Treo :-)" (Nov. 7, 2007); InsignifacantThoughts.com (Sept. 28, 2007); KansasCity.com "Better Messages" (Dec. 6, 2007); LinuxDevices.com (Nov. 9, 2007); MiamiHerald.com (Oct. 18, 2007); ny1.com (Sept. 27, 2007); NYTimes.com (Oct. 4, 2007); PCMag.com.br (Sept. 28, 2007); PC.Watch.Impress.co.JP (Dec. 9, 2007); Yahoo! News (Sept. 27, 2007); Register Hardware UK (Nov. 7, 2007); SlashGear.com (Sept. 27, 2007); StarTelegram.com "High-tech hobbies" (Oct. 14, 2007); the Minneapolis StarTribune.com (Oct. 8, 2007); DailyHerald.com (June 23, 2008); The Gazette Canada.com (Oct. 11, 2007); TheStreet.com "Instant Messenger With Mass Appeal" "a must-have for travelers" (Dec. 7 2007); TimeforKids.com (Nov. 26, 2007); Twice.com (Sept. 27, 2007); ABCNews.com (Nov. 2, 2007); ABCNews: The Ultimate Gift Guide (Nov. 8, 2007); Adweek Magazine "Top 10 Trends of 2007" (Dec. 17, 2007); BlogStuff.com (Nov. 26, 2007); Blog-SciFi.com (Sept. 27, 2007);

Brighthand.com (Sept. 30, 2007); CBS Tech Toys Review (Oct. 16, 2007); and The Charlotte Observer Charlotte.com (Oct. 21, 2007).

**Wi-Fi Instant Messaging Devices With Emoticons Drive Purchasing Decisions**

18.    Prior to the existence of Wi-Fi instant messaging, carriers typically charged up to $0.20 per text, or $20.00 per month for unlimited texting.  Thanks to Wi-Fi based instant messaging, however, consumers no longer have to pay for individual instant messages or monthly service plans.  As a result, by 2016, it was estimated that consumers saved, and carriers lost, $54 billion ($54,000,000,000) in revenue that carriers would have made from SMS-based instant messaging.

19.    Instant messaging has been and continues to be the single most important smartphone feature.  Indeed, potential customers will not purchase a smartphone that is not able to generate an instant message comprising a graphical emoticon and send the message over Wi-Fi.

20.    Using a handheld device, such as a smartphone, to send instant messages that contain emojis is a major and growing form of communication among an incredibly large demographic.  Indeed, this is reflected by Oxford Dictionary's "word" of the year for 2015, which was the "face with tears of joy" emoji:



Oxford Dictionary selected the emoji as its "word" of the year because the emoji was "the 'word' that best reflected the ethos, mood, and preoccupations of 2015."

## ZIPIT'S PATENTS

21.    The United States Patent and Trademark Office awarded Zipit two patents on its highly acclaimed "Instant Messaging Terminal Adapted For Wi-Fi Access Points", U.S. Patent No. 7,292,870 and U.S. Patent No. 7, 894,837.

### Zipit's U.S. Patent No. 7,292,870

22.    On November 6, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,292,870, entitled "Instant Messaging Terminal Adapted For WI-FI Access Points."  A true and correct copy of U.S. Patent No. 7,292,870 is attached hereto as Exhibit "A."

23.    Zipit is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,292,870 (hereinafter the "'870 Patent"), including the right to sue for past, present, and future patent infringement, and to collect past, present, and future damages.

24.    The '870 Patent complies with the Patent Act, including 35 U.S.C. §101, 35 U.S.C. §102, 35 U.S.C. § 103, and 35 U.S.C. §112.

25.    The '870 Patent is valid and enforceable.

26.    On March 29, 2016, the Patent Trial and Appeal Board of the United States Patent and Trademark Office issued a Final Decision that confirmed the patentability of all claims of the '870 Patent in *inter partes* review case number IPR2014-01507.

### Zipit's '837 Patent

27.    On February 22, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,894,837, entitled "Instant Messaging Terminal Adapted

For Wireless Communication Access Points." A true and correct copy of U.S. Patent No. 7,894,837 is attached hereto as Exhibit "B."

28.    Zipit is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,894,837 (hereinafter the "'837 Patent"), including the right to sue for past, present, and future patent infringement, and to collect past, present, and future damages.

29.    The '837 Patent complies with the Patent Act, including 35 U.S.C. §101, 35 U.S.C. §102, 35 U.S.C. § 103, and 35 U.S.C. §112

30.    The '837 Patent is valid and enforceable.

31.    On March 29, 2016, the Patent Trial and Appeal Board of the United States Patent and Trademark Office issued a Final Decision that confirmed the patentability of all claims of the '837 Patent in *inter partes* review case number IPR2014-01506.

### Zipit's Foreign Patents

32.    Zipit also has been awarded similar foreign patents in Europe (including Germany, Great Britain, and France), Japan, and Australia.

### DEFENDANTS' INFRINGING INSTANT MESSAGE/EMOTICON SENDING WI-FI DEVICES

33.    On information and belief, from at least 2011 through today, Defendants' smartphones have been and continue to be sold and imported into the United States preloaded with instant messaging applications owned by Defendants and also instant messaging applications owned by third parties.

34.    On information and belief, from at least 2011-2015, Defendants had their own instant messaging application known as "ChatON."



Defendants' ChatON client allowed a Samsung smartphone to send instant messages comprising graphical emoticons, also known as emoji's, over Wi-Fi.

35.     On information and belief, in 2015, Defendants introduced the messaging app called "Socializer Messenger":



Defendants' "Socializer Messenger" allows a Samsung smartphone to send instant messages comprising emoji's over Wi-Fi.

36.    On information and belief, Defendants' smartphones have been and continue to be sold and imported into the United States preloaded with other instant messaging applications, including Defendants' "Message" application and Defendants' "Message+" application:



Defendants' "Message" and "Message+" applications allow a Samsung smartphone to send instant messages comprising emoji's over Wi-Fi.

37.      On information and belief, Defendants' smartphones have been and continue to be sold and imported into the United States preloaded with third party instant messaging applications, such as for example, "Hangouts":



The "Hangouts" application allows a Samsung smartphone to send instant messages comprising emoji's over Wi-Fi.

38.    On information and belief, Defendants' knowingly and intentionally encourage end users to download third party instant messaging applications onto one or more of Defendants' smartphones so that an end user is able to use one or more of Defendants' smartphones to send instant messages comprising emoji's over Wi-Fi.  Such third party instant messaging applications include, but are not necessarily limited to, WhatsApp, Viber, Google Allo, Facebook Messenger, Telegram, Signal, WeChat, Line, Send, Discord, Snapchat, Skype, Voxer, Wickr Me, Chatsecure, Threema, SilentPhone, Kik, Yahoo Messenger, Path Talk, GroupMe, Tango, and Couple.  On information and belief, some of these third party instant messaging applications also may be preloaded onto a Samsung smartphone.   These instant messaging apps allow a Samsung smartphone to send instant messages comprising emoji's over Wi-Fi.

39.    On information and belief, Defendants smartphone "devices use their own emojis…."  Some of Defendants' "own" emojis include:

14



**Samsung**

Samsung devices use their own emojis, which are separate from the flat-color Google Noto Emoji Font. These glossy emoji images appear on devices such as the Samsung Galaxy and Galaxy Note.

*WhatsApp* uses *Apple emojis* instead of Google or Samsung emojis.

Emojis from Samsung Galaxy S8 (April 2017) are displayed below.

Show:
all, changed, new, removed

40.    On information and belief, Defendants smartphones include keys that bear a graphical symbol (☺) that is generated by depressing the key:



41.      On information and belief, Defendants are stealing Zipit's patented technology to illegally make money.  On information and belief, Defendants illegally make money by, for example, (i) selling smartphones that could not otherwise be sold if they were unable to send an instant message containing an emoticon over a Wi-Fi connection; (ii) selling instant messaging applications that allow a smartphone to send an instant message containing an emoticon over a Wi-Fi connection; (iii) selling advertisements that are displayed during an end user's use of an instant messaging application that is able to send an instant message containing an emoticon over a Wi-Fi connection; (iv) selling features in an instant messaging application that allows a smartphone to send an instant message containing an emoticon over a Wi-Fi connection; and (v)

selling information about end users who use an instant messaging application to send an instant message containing an emoticon over a Wi-Fi connection.

## COUNT ONE: PATENT INFRINGEMENT
### (U.S. Patent No. 7,292,870)

42.     Zipit realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

43.     Defendants have in the past and continue to infringe one or more claims of the '870 Patent, including claims 20 and 21 in violation of 35 U.S.C. §§271 (a), (b), and (c).

44.     Defendants' direct infringing acts include, but are not necessarily limited to, Defendants' manufacture, use, offering for sale, and sale of Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been preloaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone.

45.     Defendants' infringing smartphones include:

●   2011: Galaxy Ace; Galaxy S I; Galaxy Gio; Galaxy Mini; Galaxy Prevail; Galaxy Pro; Galaxy Neo; Galaxy S II; Exhibit 4G; Galaxy Z; Galaxy S Plus; Galaxy R; Galaxy W; Galaxy M; Galaxy Y; Galaxy Precedent; Galaxy Xcover; Stratosphere; and Galaxy Nexus.

●   2012: Galaxy Y Pro Duos; Galaxy Ace Plus; Galaxy Ace 2; Galaxy Mini2; Galaxy Y Duos; Galaxy Beam; Galaxy Rugby Smart; Galaxy Pocket; Galaxy Rugby; Galaxy S Advance; Galaxy S III; Galaxy Appeal; Galaxy Ch@t; Galaxy Stellar; Galaxy S Duos; Galaxy Pocket Duos; Galaxy Victory 4g LTE; Galaxy Reverb; Galaxy S Relay; Galaxy Rush; Galaxy

Express; Galaxy Rugby Pro; and Galaxy S III Mini.

● 2013: Galaxy Pocket Plus; Galaxy S II Plus; Galaxy Grand; Galaxy young; Galaxy Xcover 2; Galaxy S4; Galaxy Fame; Galaxy Win; Galaxy Y Plus; Galaxy Core; Galaxy Star; Galaxy Pocket Neo; Galaxy Ace 3; Galaxy S4 Zoom; Galaxy S4 Active; Galaxy S4 Mini; Galaxy Gear; Galaxy Core Plus; Galaxy Light; Galaxy Fame Light; Galaxy Trend Licht; Galaxy Round; Galaxy J; Galaxy Star Pro; Galaxy Grand 2; Galaxy Trend Plus; Galaxy S Duos 2; Galaxy J; and Galaxy Win Pro.

● 2014: Galaxy Grand Neo; Galaxy Win 2; Galaxy S3 Neo; Galaxy S5; Galaxy Ace Style; Galaxy K Zoom; Galaxy Core; Galaxy S5 Mini; Galaxy Core 2; Galaxy S Duos 3; Galaxy Ace4; Galaxy Star 2 Plus; Galaxy Pocket 2; Galaxy Core Prime; Galaxy Grand Prime; Galaxy Alpha; Galaxy Young 2; Galaxy Core Prime; Galaxy A3; and Galaxy A5.

● 2015: Galaxy A7; Galaxy E5; Galaxy Xcover 3; Galaxy S6; Galaxy S6 Edge; Galaxy J7; Galaxy J5; Galaxy S6 Active; Galaxy V Plus; Galaxy Trend 2 Lite; Galaxy S5 Neo; Galaxy A8; Galaxy S6 Edge+; Galaxy J2; Z3; Galaxy On5; Galaxy Active Neo; Galaxy J1 Ace; Galaxy On7; Galaxy View; Galaxy A3 (2015); Galaxy A5 (2015); and Galaxy A7 (2015).

● 2016: Galaxy J1 (2016); Galaxy S7;;Galaxy S7 Edge;;Galaxy J1 Mini; Galaxy J3; Galaxy J7 (2016); Galaxy J5 (2016); Galaxy C7; Galaxy C5; Galaxy J3 Pro; Galaxy S7 Active; Galaxy J5 Prime; Galaxy J7 Prime; Galaxy On8 (2016); Galaxy On7 (2016); Galaxy On5 (2016); Galaxy C9 Pro; Galaxy J2 Prime; and Galaxy J1 mini Prime.

● 2017: Galaxy C7 Pro; Galaxy A3 (2017); Galaxy A5 (2017); Galaxy A7 (2017); Galaxy C5 Pro; Galaxy S8+; and Galaxy S8.

46.    As a non-limiting example, Defendants' Samsung Exhibit 4G and the Samsung Gravity SMART smartphones infringe claim 20 of Zipit's '870 Patent because they generate and send an instant message that includes a graphical symbol using Wi-Fi.  Defendants' Samsung Exhibit 4G and the Samsung Gravity SMART smartphones further infringe claim 21 of Zipit's '870 Patent because they comprise a specific key that has a graphical symbol (☺) that is generated by depressing the key:



On information and belief, Defendants' Samsung Exhibit 4G and the Samsung Gravity SMART smartphones have been made, used, offered for sale, and sold in the United States since at least June 2011.

47.     Defendants have in the past and continue to indirectly infringe one or more claims of the '870 Patent, such as claims 20 and 21, in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including patrons, customers, and end users, by offering for sale and/or selling Defendants' Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone; in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '870 Patent.

48.     Zipit provided Defendants with written notice of the '870 Patent on or about April 12, 2013.  At the same time, Zipit also told Defendants that Defendants had in the past infringed and were continuing to infringe the '870 Patent.  As a result, Defendants had notice of their alleged infringement of the '870 Patent no later than April 12, 2013.

49.     On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and induce the direct infringement of one or more claims of the '870 Patent, with willful blindness.

50.     Defendants also have in the past and continue to indirectly infringe one or more claims of the '870 Patent, such as claims 20 and 21,  in violation of 35 U.S.C. § 271(c) by

actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendants' patrons, customers, and end users, by offering for sale and/or selling Defendants' Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone; in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '870 Patent.

51.     Defendants' Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone are (i) a component and material part of the inventions claimed in one or more claims of the '870 Patent, (ii) knowingly and especially designed for use in infringing one or more claims of the '870 Patent, (iii) intended to be used to infringe one or more claims of the '870 Patent, and (iv) not a staple item of commerce suitable for substantial non-infringing use.

52.     On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and contribute to the direct infringement of one or more claims of the '870 Patent, with willful blindness.

53.     Customers who reside in the State of South Carolina, including the Greenville Division of the District of South Carolina, may purchase Defendants' Wi-Fi-enabled instant

messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone.

54.     Defendants' infringement of the '870 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Zipit to increased damages pursuant to 35 U.S.C. §284 and to attorneys' fees pursuant to 35 U.S.C. §285.

55.     Zipit has and continues to suffer damages as a direct and proximate result of Defendants' infringement of the '870 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement. Zipit has no adequate remedy at law.

56.     Zipit is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '870 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) Zipit's lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a preliminary and thereafter permanent injunction.

## COUNT TWO: PATENT INFRINGEMENT
### (U.S. Patent No. 7,894,837)

57.     Zipit realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

58.     Defendants have in the past and continue to infringe one or more claims of the '837 Patent, including claims 11, 12, 13, 15, and 16 in violation of 35 U.S.C. §§271 (a), (b), and (c).

59.    Defendants' direct infringing acts include, but are not necessarily limited to, Defendants' manufacture, use, offering for sale, and sale of WiFi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been preloaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone.

60.    Defendants' infringing smartphones include:

● 2011: Galaxy Ace; Galaxy S I; Galaxy Gio; Galaxy Mini; Galaxy Prevail; Galaxy Pro; Galaxy Neo; Galaxy S II; Exhibit 4G; Galaxy Z; Galaxy S Plus; Galaxy R; Galaxy W; Galaxy M; Galaxy Y; Galaxy Precedent; Galaxy Xcover; Stratosphere; and Galaxy Nexus.

● 2012: Galaxy Y Pro Duos; Galaxy Ace Plus; Galaxy Ace 2; Galaxy Mini2; Galaxy Y Duos; Galaxy Beam; Galaxy Rugby Smart; Galaxy Pocket; Galaxy Rugby; Galaxy S Advance; Galaxy S III; Galaxy Appeal; Galaxy Ch@t; Galaxy Stellar; Galaxy S Duos; Galaxy Pocket Duos; Galaxy Victory 4g LTE; Galaxy Reverb; Galaxy S Relay; Galaxy Rush; Galaxy Express; Galaxy Rugby Pro; and Galaxy S III Mini.

● 2013: Galaxy Pocket Plus; Galaxy S II Plus; Galaxy Grand; Galaxy young; Galaxy Xcover 2; Galaxy S4; Galaxy Fame; Galaxy Win; Galaxy Y Plus; Galaxy Core; Galaxy Star; Galaxy Pocket Neo; Galaxy Ace 3; Galaxy S4 Zoom; Galaxy S4 Active; Galaxy S4 Mini; Galaxy Gear; Galaxy Core Plus; Galaxy Light; Galaxy Fame Light; Galaxy Trend Licht; Galaxy Round; Galaxy J; Galaxy Star Pro; Galaxy Grand 2; Galaxy Trend Plus; Galaxy S Duos 2; Galaxy J; and Galaxy Win Pro.

● 2014: Galaxy Grand Neo; Galaxy Win 2; Galaxy S3 Neo; Galaxy S5; Galaxy Ace Style; Galaxy K Zoom; Galaxy Core; Galaxy S5 Mini; Galaxy Core 2; Galaxy S Duos 3; Galaxy Ace4; Galaxy Star 2 Plus; Galaxy Pocket 2; Galaxy Core Prime; Galaxy Grand Prime; Galaxy Alpha; Galaxy Young 2; Galaxy Core Prime; Galaxy A3; and Galaxy A5.

● 2015: Galaxy A7; Galaxy E5; Galaxy Xcover 3; Galaxy S6; Galaxy S6 Edge; Galaxy J7; Galaxy J5; Galaxy S6 Active; Galaxy V Plus; Galaxy Trend 2 Lite; Galaxy S5 Neo; Galaxy A8; Galaxy S6 Edge+; Galaxy J2; Z3; Galaxy On5; Galaxy Active Neo; Galaxy J1 Ace; Galaxy On7; Galaxy View; Galaxy A3 (2015); Galaxy A5 (2015); and Galaxy A7 (2015).

● 2016: Galaxy J1 (2016); Galaxy S7;;Galaxy S7 Edge;;Galaxy J1 Mini; Galaxy J3; Galaxy J7 (2016); Galaxy J5 (2016); Galaxy C7; Galaxy C5; Galaxy J3 Pro; Galaxy S7 Active; Galaxy J5 Prime; Galaxy J7 Prime; Galaxy On8 (2016); Galaxy On7 (2016); Galaxy On5 (2016); Galaxy C9 Pro; Galaxy J2 Prime; and Galaxy J1 mini Prime.

● 2017: Galaxy C7 Pro; Galaxy A3 (2017); Galaxy A5 (2017); Galaxy A7 (2017); Galaxy C5 Pro; Galaxy S8+; and Galaxy S8.

61.    As a non-limiting example, Defendants' Samsung Exhibit 4G and the Samsung Gravity SMART smartphones infringe claim 12 of Zipit's '837 Patent because they generate and send an instant message that includes a graphical symbol using Wi-Fi.  Defendants' Samsung Exhibit 4G and the Samsung Gravity SMART smartphones further infringe claim 12 of Zipit's '837 Patent because they comprise a specific key that has a graphical symbol (☺) that is generated by depressing the key:



On information and belief, Defendants' Samsung Exhibit 4G and the Samsung Gravity SMART smartphones have been made, used, offered for sale, and sold in the United States since at least June 2011.

62.     Defendants have in the past and continue to indirectly infringe one or more claims of the '837 Patent, such as claims 11, 12, 13, 15, and 16 in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including patrons, customers, and end users, by offering for sale and/or selling Defendants' Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such

as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a smartphone; in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '837 Patent.

63.     Zipit provided Defendants with written notice of the '837 Patent on or about April 12, 2013.  At the same time, Zipit also told Defendants that Defendants had in the past infringed and were continuing to infringe the '837 Patent.  As a result, Defendants had notice of their alleged infringement of the '837 Patent no later than April 12, 2013.

64.     On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and induce the direct infringement of one or more claims of the '837 Patent, with willful blindness.

65.     Defendants also have in the past and continue to indirectly infringe one or more claims of the '837 Patent, such as claims 11, 12, 13, 15, and 16   in violation of 35 U.S.C. § 271(c) by actively, knowingly, and intentionally contributing to an underlying direct infringement by other persons, such as Defendants' patrons, customers, and end users, by offering for sale and/or selling Defendants' Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone; in the United States without authority or license from Zipit and in a manner understood and intended to infringe Zipit's '837 Patent.

66.    Defendants' Wi-Fi-enabled instant messaging devices that generate an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone are (i) a component and material part of the inventions claimed in one or more claims of the '837 Patent, (ii) knowingly and especially designed for use in infringing one or more claims of the '837 Patent, (iii) intended to be used to infringe one or more claims of the '837 Patent, and (iv) not a staple item of commerce suitable for substantial non-infringing use.

67.    On information and belief, as Defendants deliberately avoided confirming their high probability of wrongdoing, Defendants have and continue to act, and contribute to the direct infringement of one or more claims of the '837 Patent, with willful blindness.

68.    Customers who reside in the State of South Carolina, including the Greenville Division of the District of South Carolina, may purchase and use Defendants' Wi-Fi-enabled instant messaging device that generates an instant message that includes a graphical emoticon, such as ☺, ☹, ☺, using one of Defendants' past or present instant messaging applications, and/or a third party instant messaging application, that has been loaded onto one of Defendants' Wi-Fi-enabled instant messaging devices, such as a Samsung smartphone.

69.    Defendants' infringement of the '837 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Zipit to increased damages pursuant to 35 U.S.C. §284 and to attorneys' fees pursuant to 35 U.S.C. §285.

70.    Zipit has and continues to suffer damages as a direct and proximate result of Defendants' infringement of the '837 Patent and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing its infringement.  Zipit has no adequate remedy at law.

71.    Zipit is entitled to: (i) damages adequate to compensate it for Defendants' infringement of the '837 Patent, which amounts to, at a minimum, a reasonable royalty; (ii) Zipit's lost profits; (iii) treble damages; (iv) attorneys' fees; (v) costs; and (vi) a preliminary and thereafter permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Zipit seeks the following relief:

a.    That Defendants be enjoined from further infringement of Zipit's '870 Patent and Zipit's '837 Patent pursuant to 35 U.S.C. §283;

b.    That Defendants be ordered to pay damages adequate to compensate Zipit for Defendants' infringement of Zipit's '870 Patent and Zipit's '837 Patent pursuant to 35 U.S.C. §284;

c.    That Defendants be ordered to pay Zipit Zipit's lost profits due to Defendants' infringement of Zipit's '870 Patent and Zipit's '837 Patent pursuant to 35 U.S.C. §284;

d.    That Defendants be ordered to pay Zipit treble damages pursuant to 35 U.S.C. §284;

e.    That Defendants be ordered to pay prejudgment interest pursuant to 35 U.S.C. §284;

f.    That Defendants be ordered to pay all costs associated with this action pursuant to 35 U.S.C. §284;

g.    That Defendants be ordered to pay Zipit's attorneys' fees pursuant to 35 U.S.C. §285;

h.    That Zipit be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Zipit demands a trial by jury of all issues triable of right by a jury.

Respectfully submitted, this 12th day of May, 2017.

*/s/ Robert P. Foster*

Robert P. Foster
FOSTER LAW FIRM, LLC
601 East McBee Avenue
Suite 104
Greenville, SC 29601
Telephone: (864) 242-6200
Facsimile: (864) 233-0290
Email: rfoster@fosterfoster.com

Stephen R. Risley
(*pro hac vice application to be filed*)
KENT & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-2101
Facsimile: (678) 389-9402
Email: steverisley@kentrisley.com

Robert B. Dulaney III
(*pro hac vice application to be filed*)
SMITH TEMPEL BLAHA LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
Telephone: (770) 709-0086
Facsimile: (770) 804-0900
Email: rdulaney@srtslaw.com

Attorneys for Plaintiff
Zipit Wireless, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 12, 2017 the above and foregoing document was electronically filed with the Clerk of Court for the United States District Court for the District of South Carolina, Greenville Division, using the CM/ECF system, which will automatically send notification of such filing to counsel Record.

*/s/ Robert P. Foster*

Robert P. Foster
FOSTER LAW FIRM, LLC
601 East McBee Avenue
Suite 104
Greenville, SC 29601
Telephone: (864) 242-6200
Facsimile: (864) 233-0290
Email: rfoster@fosterfoster.com

30